MINNEAPOLIS KNITTING WORKS v. MARSHALL FIELD & CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1920.)

No. 2741.

PATENTS ☞328—FOR INFANT'S BAND INVALID FOR LACK OF INVENTION.
The Charles E. Ovenshire patent, No. 800,237, for improvement in infant's bands or shirts, *held* void for lack of invention.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Minneapolis Knitting Works against Marshall Field & Co. Decree for defendant, and complainant appeals. Affirmed.

Frank Parker Davis, of Chicago, Ill., for appellant.

George L. Wilkinson, of Chicago, Ill., for appellee.

Before BAKER, MACK, and PAGE, Circuit Judges.

MACK, Circuit Judge. This appeal is from a decree dismissing for want of equity, the bill to enjoin infringement of claim 2 of letters patent No. 800,237 for improvement in infant's bands or shirts. The decree finds the claim valid, but not infringed.

The claim reads as follows:

"A band or shirt comprising a tubular body of elastic knitted fabric provided with shoulder pieces or straps *3* and inelastic strips or tapes *4* extending over said shoulder pieces and diagonally downward over the front and rear of the body to central points near the bottom thereof, and suitable tabs secured at the lower ends of said tapes."

The letters patent were issued September 26, 1905, on application filed January 23, 1905. Contemporaneously there were issued letters patent No. 800,618 applied for by the same inventor on April 24, 1905. Claim 1 of the patent in suit was introduced into the application therefor by amendment, after its rejection as a claim in the other application, and after the allowance of claim 2 now in suit. They differ only in one respect: That the band or shirt in claim 1 is not limited to a tubular body. In the course of the second application, the claims of which had originally been rejected as not being patentable over the other allowed application, counsel for the applicant stated that—

"The novelty of the claims in both cases is not included in the description of the opening in the front of the garment or its omission. The inelastic strips or tapes and the tabs secured to the lower ends of the tapes constitute the novel features of the claims."

The object of the invention in suit, as specified, is to provide an elastic tubular band or garment having means for securing a napkin (diaper) thereto; the inventor, however, expressly states that while he has—

"described the invention as applied to an infant's band or shirt, it may, of course, be applied to a shirt designed for use of adults."

The specifications describe the invention consisting of:

"Generally in a band or shirt having a tubular body of elastic knitted fabric with inelastic tapes or strips extending over the shoulder pieces thereof and extending diagonally downward on the front and back to central points near the bottom of the garment and with inelastic tabs secured to the lower ends of said tapes."

While defendant was notified in 1911 of a claim of infringement of both patents, suit was not commenced until 1917. Though plaintiff may not thereby be chargeable with laches, testimony of defendants' disinterested witnesses, based on memory, should not be deemed untrustworthy, when, in the interim, their old corporate books of account were destroyed as no longer of any perceptible value. Despite some discrepancies in the testimony, we are satisfied that the Fogarty waist was made and sold publicly more than two years prior to the application for the patent in suit, and that, except for the fact that it was a shirt, and not an infant's band, it completely anticipates the alleged invention.

In our judgment there is no invention whatsoever in the adaptation of the inelastic reinforcing tape with tabs of a knitted child's waist, to which buttons are sewed for the purpose of supporting lower garments, whether that waist be open front or back, or tubular, to the infant's band designed to support the napkin, the lower garment appropriate to the infant. If this were otherwise not clear, it would be apparent from the specifications of the patent in suit, according to which the invention is "of course" applicable to a shirt designed for the use of adults, and therefore necessarily designed for supporting the usual undergarments worn by adults.

While it becomes unnecessary to consider the question of infringement, we do not intend, by affirming the decree dismissing the bill for want of equity, to assent to the finding that defendant could escape the charge of infringement merely by the substitution of an elastic tape so attached as to be decidedly less elastic than the knitted body, or by forming the tab out of a continuation of the tape, instead of by attaching a separate piece of tape.

Decree affirmed.